UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joan Peterson, individually, and on behalf of the heirs and next of kin of Frank Raymond Servantez, Decedent, | Civ. No. |
| Plaintiff, | **Complaint** |
| vs. | |
| United States of America and Fresenius USA Manufacturing Inc., | |
| Defendants. | |

---

For her Complaint against the United States of America and Fresenius Medical Care of North America, Plaintiff Joan Peterson on behalf of the heirs and next of kin of Frank Raymond Servantez, states and alleges as follows:

## Parties

1. Frank Raymond Servantez ("Frank") served two tours of duty for the U.S. Army in Vietnam and was honorably discharged in 1971. Frank died on July 29, 2019, at the V.A. Hospital in Fargo, North Dakota, as a direct and proximate result of the medical malpractice described herein. Frank was 74 years old at the time of his death and left behind a wife, children, siblings, and grandchildren to whom he was affectionately known as "poppa."

2. Plaintiff Joan Peterson ("Plaintiff") was appointed as trustee for Frank's next of kin on December 20, 2019, by the Otter Tail County District Court, Case No. 56-cv-19-3646. Plaintiff resides in Otter Tail County, Minnesota.

3. Plaintiff brings this action for all damages available to Frank's heirs and next of kin, including herself individually as surviving spouse, pursuant to Minnesota, North Dakota, and/or federal statutory and common law.

4. The Department of Veteran Affairs, a governmental department of Defendant United States of America ("Defendant USA"), operates the Fargo VA Health Care System (the "Fargo VA"). The Fargo VA employs medical personnel and administrative staff in order to provide medical treatment to patients, and Defendant USA is vicariously liable for the acts and admissions of the Fargo VA's personnel, staff, and other agents responsible for the negligence described herein.

5. Defendant Fresenius USA Manufacturing, Inc. is a Massachusetts corporation doing business in Fergus Falls, Minnesota under the assumed names Fresenius Medical Care North America and Fresenius Kidney Care Fergus Falls (collectively, "Fresenius"). Fresenius employs medical personnel and administrative staff to provide medical treatment to patients, and Fresenius is vicariously liable for the acts and admissions of its personnel, staff, and other agents responsible for the wrongs described herein.

## Jurisdiction

6. Subject matter jurisdiction for this medical malpractice suit against Defendant USA is appropriate pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b).

7. Plaintiff timely submitted her FTCA claim, Standard Form 95 and exhibits thereto, and receipt was acknowledged on August 27, 2020.

8. Defendant USA has yet to accept or deny Plaintiff's claim.

9. Defendant USA's failure to timely act on this claim may be deemed a denial and Plaintiff has properly exhausted her administrative remedies in accordance with 28 U.S.C. § 2675.

10. The Court has supplemental jurisdiction against Fresenius pursuant to 28 U.S.C. § 1367.

11. Venue in this District is proper against Defendant USA pursuant to 28 U.S.C. § 1402(b) because Plaintiff resides in this District.

12. Venue in this District is proper against Fresenius because the acts and omissions occurred in Minnesota.

## Factual Allegations

13. Frank was a 74-year-old Army Veteran, suffering in part from renal disease.

14. Overall, he was healthy enough that in 2019 he was placed on the kidney transplant list at the Iowa City VA Health Care System.

15. Frank received his dialysis treatments from Fresenius.

16. Between May 31, 2019, and July 26, 2019, Frank experienced so much pain and discomfort that he could not complete his dialysis treatment.

17. Between May 31, 2019, and July 26, 2019, Fresenius discharged Frank from its care approximately 9 times without Frank completing dialysis and against medical advice.

18. Fresenius and its staff, including its supervising nurses for which it is vicariously liable, failed to implement a plan within the standard of care for Frank's continued treatment.

19. Fresenius and its staff repeatedly discharging Frank against medical advice is not a plan within the standard of care for dialysis treatment.

20. As a direct and proximate result of these violations of the medical standard of care, Frank suffered a cardiac arrest and died on July 29, 2019.

21. Frank presented to the Emergency Department of the Fargo VA ("Fargo VA ED") on July 27, 2019, with shortness of breath, recent restless leg issues, and a history of recent poor dialysis due to those restless leg issues.

22. The Fargo VA ED admitted Frank into its care.

23. Frank's labs, signs, symptoms, and medical history required, under the applicable medical standard of care, that he receive dialysis no later than July 28, 2019.

24. Despite that Frank was indicated for dialysis, the care providers at the Fargo VA, including but not limited to Breton M. Weintraub, M.D., failed to provide Frank with dialysis.

25. As a direct and proximate result of these violations of the medical standard of care, Frank suffered a cardiac arrest and died on July 29, 2019.

### Count One
**Professional Negligence**
*Plaintiff v. Defendant USA*

26. Plaintiff realleges and incorporates by reference herein each and every allegation contained in each paragraph above as if fully set forth herein.

4

27. Dr. Weintraub and other employees or agents of the Fargo VA deviated from the standard of care and were negligent by not providing Frank with dialysis prior to his July 29, 2019 death.

28. Dr. Weintraub and other employees or agents of the Fargo VA deviated from the standard of care and were negligent in other ways as well.

29. As a direct and proximate result of these violations of the medical standard of care, Frank suffered a cardiac arrest and died on July 29, 2019.

30. As a direct and proximate result of these violations of the medical standard of care, Frank's heirs and next of kin were damaged in the amount of $3,000,000, as demanded in Standard Form 95, for their loss in wrongful death.

31. These damages include but are not limited to recovery for Frank's physical and mental pain and suffering, and his heirs and next of kin's loss of society, companionship, consortium, comfort, aid, solace, and other categories of damages.

32. Defendant USA is vicariously liable for the damages alleged in this Count as a result of the acts and omissions of its employees and agents as described herein.

**Count Two**
**Professional Negligence**
*Plaintiff v. Fresenius*

33. Plaintiff realleges and incorporates by reference herein each and every allegation contained in each paragraph above as if fully set forth herein.

34. Fresenius employees and other agents deviated from the standard of care and were negligent by failing to put a proper plan in place for Frank's continued poor dialysis.

35. Fresenius employees and other agents deviated from the standard of care and were negligent in other ways as well.

36. As a direct and proximate result of these violations of the medical standard of care, Frank suffered a cardiac arrest and died on July 29, 2019.

37. As a direct and proximate result of these violations of the medical standard of care, Frank's next of kin have suffered damages including a loss of society, companionship, consortium, comfort, aid, solace, and other categories of damages in an amount exceeding Seventy-Five Thousand Dollars ($75,000.00).

38. Fresenius is vicariously liable for the damages alleged in this Count as a result of the acts and omissions of its employees and agents as described herein.

WHEREFORE, Plaintiff prays for judgment as follows:

1. A money judgment against Defendant USA in the amount of Three Million Dollars ($3,000,000) together with costs, disbursements, interest, and for any such other and further relief the Court deems just and equitable; and

2. A money judgment against Defendant Fresenius in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, disbursements, interest, and for any such other and further relief the Court deems just and equitable.

                                        **NEWMARK STORMS DWORAK LLC**

Dated: June 17, 2021                /s/ Jeffrey S. Storms
                                            Jeffrey S. Storms, #0387240
                                            Alyssa M. Goehring, #0402106
                                            150 South 5th Street, Suite 1850
                                            Minneapolis, MN 55402
                                            Telephone: 612.455.7055
                                            Fax: 612.455.7051
                                            jeff@newmarkstorms.com
                                            alyssa@newmarkstorms.com

                                            *Attorneys for Plaintiff*