UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOAN PETERSON,
individually, and on behalf of
the heirs and next of kin of
Frank Raymond Servantez, Decedent,
a/k/a, Joan Petersen Servantez,
        Plaintiff,

v.

UNITED STATES OF AMERICA,
        Defendant.

**MEMORANDUM OF LAW AND ORDER**
Civil File No. 21-01431 (MJD/LIB)

Jeffrey S. Storms, Ryan O. Vettleson, Newmark Storms Dworak, LLC, Counsel for Plaintiff.

Friedrich A. P. Siekert, Assistant United States Attorney, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Leave to Disclose Sealed Order Approving Distribution of Settlement Proceeds. For the following reasons, the Court will grant the motion.

## II. BACKGROUND

In June 2021, Plaintiff Joan Peterson ("Peterson"), as the surviving spouse of Frank Servantez ("Servantez"), filed a wrongful death case under the Federal

Tort Claims Act against the United States for medical malpractice against health care professionals at a VA hospital claiming Servantez died as a result of treatment he received at the hospital. Peterson also sued Bio-Medical Applications of Minnesota, Inc. ("Bio-Med"), among others. As relevant to the parties' arguments, Peterson entered into a confidential settlement with Bio-Med in August 2023. In September 2024, Peterson settled her case with the VA. The Court granted Peterson's sealed Amended Petition for Distribution of all Settlement Proceeds. (Docs. 93 (Amended Petition for Distribution); 97 (Order for Distribution of Wrongful Death Proceeds); 105-1 ("Settlement Stipulation").) The Order for Distribution of Wrongful Death Proceeds ("the Order") references the Amended Petition for Distribution.

The United States paid the full settlement amount to Plaintiff and her counsel. (Docs. 105-1 ¶ 13.) After the United States paid the settlement, Peterson moved the Court for permission to distribute the settlement proceeds to herself and Mr. Servantes' other heirs. The Court approved the distribution and both the Order and Amended Petition for Distribution were filed under seal. (Docs. 93, 97.) The Order details distributions to Servantez's next-of-kin, including

Peterson. (Doc. 97 at 2 ¶ 2.) The United States was not included in any proceedings leading to the Order and has never seen the Order. (Doc. 120 at 3.)

After the Court approved the stipulation for distribution and signed the Order, Peterson received notice from the office of benefits of Veterans Affairs that beginning December 1, 2024, her Dependency and Indemnity Compensation ("DIC") benefits would be offset for the full amount of her settlement with the United States. (Doc. 105 (Vettleson Decl.) ¶ 4.)

Peterson is appealing the VA's initial decision on two grounds, one of which is that the VA's offset of the entire settlement amount against her DIC benefits is incorrect because per the Order, Peterson did not receive the entire amount of the settlement. (Id. ¶ 5.)

### III.   DISCUSSION

Peterson argues that her appeal to the Board of Veterans' Appeals ("BVA") requires submission of the Order to demonstrate that she did not receive the full amount of the settlement and therefore the VA erred by offsetting her DCI benefits by that amount.

#### A.   Legal Standards

"Every court has supervisory power over its own records and files," and the decision to seal or unseal a court document is "left to the sound discretion of

3

the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598-99 (1978); Flynt v. Lombardi, 885 F.3d 508, 511 (8th Cir. 2018) (stating that the Eighth Circuit reviews "the district court's ultimate decision to seal or unseal [a document] for abuse of discretion") (citation omitted); see also Fed. R. Civ. P. 5.2(d) (authorizing courts to unseal filings made under seal).

### B.    The United States' Arguments

The United States argues that the Court should deny the motion for three reasons.  First, Peterson insisted that her settlement with Bio-Med remain confidential and that the distribution order be sealed.  The United States asserts that Peterson did this because "it was in her best interests to keep this knowledge from the United States, especially when [Peterson] was negotiating her settlement with the United States."  (Doc. 120 at 3.)  Second, the United States points out that Peterson worked in her best interest when she paid for a confidentiality agreement with Bio-Med and sought to get the distribution order sealed.  The United States argues that disclosure of a settlement agreement with the United States that Peterson, herself, sought alters the value of that agreement.  Thus, it would be inappropriate to allow this disclosure.

Third, the United States argues that it will be prejudiced by this disclosure to the BVA because both the settlement agreement and Peterson's ongoing benefits are paid to Peterson as a result of the death of Servantez and both the settlement amount and the on-going VA benefits are paid by Congressionally-appropriated funds.  (Id. at 4.)  The United States opines that Peterson's apparent theory is that the lower net amount she received from the United States' settlement, the sooner the suspension of her VA benefits will stop.  (Id.)  The United States argues that if this is true, granting the motion will increase the total amount Peterson will have received from the settlement and would violate "the rule against the United States paying twice (or double) for the same injury."  (Id.)

**C.     Analysis**

The Court finds that Peterson's DIC benefits are being decreased based on a misunderstanding that she kept the entire settlement amount rather than distributing it per the requirements set forth in the Order.  (See Doc. 97.)

The United States' arguments based on Peterson negotiating or working "in her best interest" while this case was still active are unavailing.  Parties in the adversarial process are expected to work in their own best interests.  Similarly, disclosure of a settlement agreement with the United States that Peterson sought does not "alter[] the value of that agreement."  This argument appears to be

based on disclosure of the Order to the public, which is not the case. The Order will be disclosed for a very limited purpose, only.

Finally, the United States' argument that if the net amount Peterson received from the United States' settlement is amended to show the correct smaller amount and her suspended VA benefits are therefore reinstated at an earlier date, it "will increase the total amount Plaintiff will have received from the settlement of this lawsuit [and] would violate the rule against the United States paying twice (or double) for the same injury" is also without merit.

In their Settlement Agreement, Peterson and the United States anticipated that "the Veterans Benefits Administration [would] re-adjudicate Plaintiff's ongoing receipt of benefits . . . to determine whether those ongoing Section 1310 benefits should be changed (suspended or otherwise) in light of Plaintiff's receipt of the settlement proceeds described in this Settlement Stipulation." (Doc. 105-1 ¶ 8.) The Settlement Stipulation stated that the settlement proceeds were to be deposited into Peterson's attorneys' trust account for distribution in accordance with the Court's order on distribution of settlement proceeds. (Id. ¶¶ 13-14.) As stated above, the Order contains the detailed breakdown of how the proceeds were to be distributed. (Doc. 97 at 2 ¶ 2 (distributions to next-of-kin), ¶¶ 3-5

6

(attorney fees and costs).)  It is reasonable to assume any necessary payment adjustments will be done by the VBA in conjunction with this order and that any offsets will be calculated to avoid double payments or overpayments.

Accordingly, based on "the relevant facts and circumstances" of this case, the Court will grant the motion to unseal the Order for limited disclosure to the Board of Veterans Appeals.  <u>Nixon</u>, 435 U.S. at 599.  The disclosure is necessary for Peterson to prove she did not receive the full settlement amount the VA apparently assumes she received.

### D.     Contents of the Court's Order

In the event she prevailed on this issue, Peterson provided a proposed three-paragraph order for the Court's signature.  The United States asks the Court to delete paragraph 2, which provides that "[g]ood cause exists to permit limited disclosure of sealed document filed at Dkt. No. 97 to the Board of Veterans Appeals because The VA is bound by statutory confidentiality obligations pursuant to 38 U.S.C. § 5701(a)."  (Doc. 108 at 1 ¶ 2.)

The Court agrees with the United States and will not adopt paragraph 2 from the proposed order for the following reasons.  First, there is no "good cause" standard for Peterson's requested relief.  Federal Rule of Civil Procedure 5.2 includes a "good cause" standard for protective orders, but not for unsealing

filings.  Compare Fed. R. Civ. P. 5.2(e) ("For good cause, the court may order" redaction of information or limit nonparty remote access to a document) with Fed. R. Civ. P. 5.2(d) ("The court may . . . unseal the filing or order the person who made the filing to file a redacted version for the public record.").

Second, the final clause regarding the VA's confidentiality obligations is merely a statement of fact and need not be included in the Court's order.  The VA knows its obligations.  Peterson's proposed paragraph 2 will not be included in the Court's final order.

IV. ORDER

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Leave to Disclose Sealed Order Approving Distribution of Settlement Proceeds **[Doc. 102]** is **GRANTED**;

2. Plaintiff may disclose the sealed order docketed at CMECF No. 97 to the Board of Veterans Appeals for the limited purpose of proving she did not receive the full settlement amount and for the VA to recalculate her benefits, if appropriate; and

3. Plaintiff shall mark the sealed order docketed at CMECF No. 97 "CONFIDENTIAL – SUBJECT TO COURT ORDER," and must submit it to the Board of Veterans Appeals along with a copy of this order authorizing such disclosure.

Dated:  January 7, 2026              s/Michael J. Davis                    
                                     Michael J. Davis
                                     United States District Court